IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

| | |
|---|---|
| FREDIE DEAN HOUSTON, JR., ) | |
| ) | |
| Petitioner, ) | |
| ) | NO. 1:23-cv-00021 |
| v. ) | |
| ) | JUDGE CAMPBELL |
| KYLE HELTON, ) | |
| ) | |
| Respondent. ) | |

## MEMORANDUM AND ORDER

Fredie Dean Houston, Jr., a state pretrial detainee, filed a pro se petition under 28 U.S.C. § 2241 for a writ of habeas corpus (Doc. Nos. 1, 5) and an application to proceed as a pauper. (Doc. No. 4). It appears that Petitioner cannot pay the $5 filing fee without undue hardship, so his application (Doc. No. 4) is **GRANTED**. The Petition is now before the Court for preliminary review. *See* Habeas Rule 4 (requiring dismissal "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief"); Habeas Rule 1(b)). For the following reasons, this case will be **DISMISSED** without prejudice.

### I. BACKGROUND AND CLAIMS

Petitioner is challenging his detention pursuant to criminal charges in Giles County. He references case numbers 2020-CR-15319 ("First Case") and 2020-CR-15511 ("Second Case"). (Doc. No. 1 at 1–2). The Court takes judicial notice that the First Case charges Petitioner with three drug offenses,[1] while the Second Case charges Petitioner with misdemeanor assault.[2]

---

[1] https://giles.tncrtinfo.com/crCaseForm.aspx?id=001BEDB9-F23A-4B58-98B6-1D30DC8B2BEE (last visited June 2, 2023).

[2] https://giles.tncrtinfo.com/crCaseForm.aspx?id=961D89B0-DCB2-4A09-99EE-953DD6F45463 (last visited June 2, 2023).

Petitioner's only allegation regarding the Second Case is that it is associated with "altered video tapes." (Doc. No. 1 at 2). As for the First Case, Petitioner alleges as follows:

The Pulaski Police Department began an investigation of Petitioner in August 2019, based on drug transactions in which Petitioner was not involved. (*Id.* at 6). In October 2019, law enforcement officers staged a "trash pull," falsely claimed that they recovered marijuana, and relied on that false evidence to obtain a search warrant. (*Id.*). Petitioner claims that the resulting search warrant was procedurally deficient and unsupported by probable cause. (*Id.*). Petitioner also claims that the evidence against him includes "false" lab reports from the Tennessee Bureau of Investigation. (*Id.* at 7).

Petitioner has been detained since November 2019. (*Id.*). Petitioner invoked his speedy trial rights, but his cases have been delayed because courts continue to insist that Petitioner undergo a mental evaluation. (Doc. No. 1 at 2; Doc. No. 5 at 1). Petitioner's bond was set at $306,000. (Doc. No. 5 at 2). During his detention, Petitioner has been subjected to double jeopardy because the State voluntarily dismissed an initial indictment against him before "re-indict[ing Petitioner] on the same offense." (*Id.* at 1). Petitioner claims that he is innocent, and that he will not get a fair trial in Giles County because he is African American. (*Id.* at 2). Petitioner has asked three court-appointed attorneys to file motions on these issues, but they have all provided ineffective assistance and held it against Petitioner after he reported their misconduct. (*Id.* at 3). Nonetheless, counsel for Petitioner has filed at least two motions: a motion to reduce bond in June 2020 (*id.* at 6), and a motion to suppress in 2023. (*Id.* at 2). The disposition of those motions is unclear.

Liberally construing the allegations in Petitioner's favor, the Court understands him to assert the following claims: (1) the charges are based on false evidence; (2) the October 2019 search was invalid; (3) Petitioner has been denied a speedy trial; (4) excessive bond; (5) the State

violated his right to be free from double jeopardy; (6) actual innocence; (7) racial discrimination; and (8) ineffective assistance of counsel. Petitioner requests release. (Doc. No. 1 at 7).

## II. ANALYSIS

There is a "longstanding public policy against federal court interference with state court proceedings." *Younger v. Harris*, 401 U.S. 37, 43 (1971). To that end, federal courts generally abstain from considering a pretrial habeas corpus petition "if the issues raised in the petition may be resolved either by trial on the merits in the state courts or by other state procedures available to the petitioner." *Atkins v. People of State of Mich.*, 644 F.2d 543, 546 (6th Cir. 1981) (collecting cases). In extraordinary circumstances, however, state pretrial detainees may seek federal habeas relief from pending state prosecutions under 28 U.S.C. § 2241. *See Christian v. Wellington*, 739 F.3d 294, 297 (6th Cir. 2014). The few recognized circumstances that may justify federal review include: (1) speedy-trial claims where a petitioner is seeking a prompt trial (rather than dismissal of charges), *Atkins*, 644 F.2d at 546–47; (2) double jeopardy claims, *Christian*, 739 F.3d at 297; (3) excessive bail claims, *Atkins*, 644 F.2d at 549; and (4) claims "to bar a state's attempted retrial rather than permitting a defendant to accept an initial plea offer originally rejected *because of* ineffective assistance of counsel." *Fleming v. Hamilton Cnty. Just. Ctr.*, No. 1:19-cv-1006, 2020 WL 1872351, at *3 (S.D. Ohio Apr. 15, 2020) (citing *Turner v. Tennessee*, 858 F.2d 1201, 1204 (6th Cir. 1988), *vacated on other grounds*, 492 U.S. 902 (1989)).

Even if a claim may be considered as a general matter, moreover, a habeas petitioner still "must exhaust all available state court remedies before proceeding in federal court." *Phillips v. Ct. of Common Pleas, Hamilton Cnty., Ohio*, 668 F.3d 804, 810 (6th Cir. 2012) (citation and footnote omitted). "[E]xhaustion requires that the same claim under the same theory be presented to the state courts before raising it in a federal habeas petition." *Smith v. Coleman*, 521 F. App'x 444,

450 (6th Cir. 2013) (quoting *Wagner v. Smith*, 581 F.3d 410, 417 (6th Cir. 2009)). This exhaustion requirement "protect[s] the state courts' opportunity to confront initially and resolve constitutional issues arising within their jurisdictions and to limit federal judicial interference in state adjudicatory processes." *Atkins*, 644 F.2d at 546 (citations omitted).

Of Petitioner's eight claims, five are not suitable for consideration in a pretrial Section 2241 habeas petition, and three—his speedy trial claim, excessive bond claim, and double jeopardy claim—are potentially cognizable but otherwise subject to dismissal. The Court will address each category of claims in turn.

## A. Claims Not Suitable for Consideration

Claims 1, 2, 6, 7, and 8 are not among the recognized exceptions to the abstention doctrine discussed above. This includes Petitioner's claim that he is actually innocent (Claim 6) because the evidence against him is false (Claim 1) and the October 2019 search is invalid (Claim 2). It would be improper for this Court to consider those claims because Petitioner has not shown "that he would be irreparably injured by having to litigate those claims in his state criminal case." *See Patton v. Bonner*, No. 20-5531, 2021 WL 2026933, at *2 (6th Cir. Apr. 7, 2021) (denying certificate of appealability on pretrial detainee's Fourth Amendment claims brought under Section 2241 that challenged the sufficiency and integrity of the evidence against him).

Similarly, because there is nothing preventing Petitioner from raising his claim of racial discrimination (Claim 7) in the state courts, this Court will not consider it. *See Bautista v. People of California*, No. CV 16-07068, 2016 WL 5661861, at *1 (C.D. Cal. Sept. 28, 2016) (dismissing claim of racial discrimination in Section 2241 habeas petition (citing *O'Shea v. Littleton*, 414 U.S. 488, 500–01 (1974))).

Finally, it would be premature to consider Petitioner ineffective-assistance-of-counsel claim (Claim 8) in this Section 2241 case. Such a claim could be resolved if Petitioner prevails before trial, at trial, on direct appeal in state court, or in state post-conviction proceedings. *See Labadie v. Bitner*, No. 2:18-cv-41, 2018 WL 4090557, at *2 (W.D. Mich. Aug. 28, 2018) (considering Section 2241 ineffective-assistance claim to be premature). If Petitioner is convicted and then unsuccessful in pursuing relief from that conviction in state court, he may bring an ineffective-assistance-of-counsel claim in a Section 2254 habeas petition, subject to all applicable rules and time limits. *See Williams v. Burt*, 949 F.3d 966, 969 (6th Cir. 2020) (addressing ineffective-assistance-of-counsel claim brought in "a petition for relief under 28 U.S.C. § 2254" "[f]ollowing [petitioner's] state court proceedings").

**B. Potentially Cognizable Claims Subject to Dismissal**

In Claim 3, Petitioner asserts that he has been denied a speedy trial since being detained in November 2019. This claim will be dismissed for two reasons. First, Petitioner's only specific request for relief is immediate release, and that relief is not available for this claim. *See Smith v. Burt*, No. 19-1488, 2019 WL 5608064, at *2 (6th Cir. Oct. 28, 2019) ("Exhaustion of state court remedies is 'especially forceful' if the claim involves the right to a speedy trial, given that the relief granted—dismissal of the case—'could not be more disruptive of pending state actions.' Thus, relief is typically limited to forcing the State to bring the petitioner to trial, not to dismiss the underlying charges outright." (quoting *Atkins*, 644 F.2d at 546)). Second, this claim is not exhausted. Petitioner does not allege that he (or his counsel) filed any speedy-trial motions in the trial court, so he has not "availed himself fully of the state machinery in attempting to have the state commence trial on the charges pending against him," as required to exhaust a speedy-trial claim. *See Atkins*, 644 F.2d at 547. An unexhausted speedy-trial claim brought in a Section 2241

5

habeas petition is subject to dismissal. *See Patton*, 2021 WL 2026933, at *2 (denying certificate of appealability for unexhausted speedy-trial claim).

In Claim 4, Petitioner asserts that his bond is excessive. But this claim, like Petitioner's speedy trial claim, must be exhausted in the state courts before asserting it in a federal habeas petition. To exhaust such a claim, a Tennessee detainee must file a bond-reduction motion in the trial court; if that is unsuccessful, the detainee must file "a motion for review in the court of criminal appeals"; and if that is unsuccessful, the detainee may file "a motion for review in the state supreme court." *Witherspoon v. Oldham*, No. 17-cv-2535-SHM-cgc, 2018 WL 1053548, at *4 (W.D. Tenn. Feb. 26, 2018) (citing Tenn. Code Ann. § 40-11-1144; Tenn. R. App. P. 8). Here, Petitioner took the first step to exhausting this claim by filing a bond-reduction motion in the trial court, but he does not say how the court resolved his motion, and he does not say that he appealed any adverse ruling to the Tennessee Court of Criminal Appeals. Unless and until Petition has done those things, this Court cannot consider his excessive-bond claim. *See Sultaana v. Bova*, No. 1:12CV3117, 2013 WL 3947647, at *3 (N.D. Ohio July 31, 2013) (dismissing Section 2241 excessive bond claim on preliminary review for failure to exhaust).

In Claim 5, Petitioner asserts that he faced double jeopardy because the State voluntarily dismissed an initial indictment against him before "re-indict[ing Petitioner] on the same offense." As with the two prior claims, this claim is unexhausted because Petitioner gives no indication that he raised it to the state trial court in the first instance. *See Winburn v. Nagy*, 956 F.3d 909, 913 (6th Cir. 2020) ("A petitioner exhausts his double-jeopardy claim when he moves to dismiss the charges against him, and, if the state permits interlocutory appeals, pursues his argument through the state's highest court." (citing *Klein v. Leis*, 548 F.3d 425, 430 n.2 (6th Cir. 2008))). Even more fundamentally, however, this claim is also legally baseless. The law is clear that "jeopardy" does

not attach until "a defendant is put to trial, and in a jury trial, that is when a jury is empaneled and sworn." *Martinez v. Illinois*, 572 U.S. 833, 839–40 (2014) (internal quotation marks omitted) (citing *Serfass v. United States*, 420 U.S. 377, 388 (1975)). Petitioner gives no indication that trial had commenced when the State voluntarily dismissed the initial indictment against him. Therefore, it did not raise double jeopardy concerns when the State allegedly procured a subsequent indictment against Petitioner based on the same facts.

### III. CONCLUSION

For these reasons, Petitioner is not entitled to federal habeas relief from his state prosecution under Section 2241, and this case is **DISMISSED** without prejudice.

Petitioner cannot appeal this adverse ruling without a certificate of appealability (COA). *See* Habeas Rule 11(a). A COA requires "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where, as here, a habeas petition is "denied on procedural grounds, the petitioner must show, 'at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" *Dufresne v. Palmer*, 876 F.3d 248, 253 (6th Cir. 2017) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

Petitioner has not satisfied this standard, so the Court **DENIES** a COA. If Petitioner files a notice of appeal in this Court, however, he may request a COA directly from the Sixth Circuit Court of Appeals. Fed. R. App. P. 22(b)(1).

It is so **ORDERED**.

_____
WILLIAM L. CAMPBELL, JR.
UNITED STATES DISTRICT JUDGE